IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS LEE JONES, | § | |
| TDCJ-CID NO. 1405729, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-2588 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Curtis Lee Jones, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

I. BACKGROUND

Petitioner was convicted on November 3, 2006, of aggravated assault with a deadly weapon in the 230th Criminal District Court of Harris County, Texas, in cause number 1071878. Punishment was assessed at thirty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on March 5, 2008. *Jones v. State*, No. 14-07-01024-CR (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about June 3, 2008. *See* 28 U.S.C. § 2244(d)(1)(A). Public records show that petitioner filed a state habeas application in the state district court on

1

December 8, 2008,[1] which was received by the Texas Court of Criminal Appeals on October 15, 2009.[2] On September 29, 2010, the application was dismissed as non-compliant and returned to petitioner.[3] Petitioner indicates the Texas Court of Criminal Appeals dismissed this application because it was not in the prescribed form as required by Rule 73.1 of the Texas Rules of Appellate Procedure.[4] (Docket Entry No.1, page 4). Petitioner filed a second state habeas application on December 22, 2010,[5] which the Texas Court of Criminal Appeals denied without written order on the trial court's findings without a hearing on May 25, 2011.[6]

Petitioner filed the present federal habeas petition July 11, 2011. (Docket Entry No.1, page 9). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. He was denied the effective assistance of counsel at trial;

2. The state district court erred by accepting a competency evaluation report, admitting evidence of extraneous crimes and bad acts at trial, refusing to instruct the jury on an insanity defense, and making an affirmative deadly weapon finding;

---

[1] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=coqyRvbSX (viewed October 11, 2011).

[2] http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=270321 (viewed October 11, 2011).

[3] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2421374 (viewed October 11, 2011).

[4] Petitioner claims that he filed his first state habeas application on the correct form but inserted four pages in the middle of the form to add grounds six through ten. (Docket Entry No.5, page 2).

[5] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=coqyRvbSX (viewed October 11, 2011).

[6] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2446617 (viewed October 11, 2011).

    3.    He was denied due process when the state district court failed to consider a psychiatric examination report by two other psychiatric facilities; and,

    4.    He was subject to an unreasonable search of his home and an unreasonable arrest.

(Docket Entry No.1, page 11).

## II. STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*,

154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on June 3, 2008, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on June 3, 2009.

The pendency of petitioner's first state habeas application did not toll the AEDPA limitations periods because the state application was not properly filed and dismissed because it did not conform to the form required by the appellate rules.[7] *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004). Petitioner's second state habeas application was filed on December 22, 2010, over a year after the expiration of the June 3, 2009, deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner, however, complains that the state courts' delay in processing his first state habeas application constitutes state action that impeded the filing of the pending petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). To invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Assuming

---

[7] Petitioner indicates that he filed an amended state habeas application to correct the problems with the first, but the Texas Court of Criminal Appeals dismissed the original application before receipt of his amended application. (Docket Entry No.5).

that petitioner has satisfied the first two requirements, he fails to show that the State's action, *i.e.,* a ruling that his application was deficient, was so egregious as to constitute a violation of the United States Constitution. *See Wickware v. Thaler*, 404 Fed. App'x 856, 861- 63 (5th Cir. 2010). Therefore, he fails to show any entitlement to statutory tolling of the limitations period under § 2244(d)(1)(B).

Although petitioner does not expressly request the application of equitable tolling in his case, his constant complaint with the state courts' delays in processing his first state habeas application is sufficient to raise equitable tolling. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (affording pleadings a liberal construction). To merit application of equitable tolling in context of § 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010). Petitioner is not unequivocally entitled to equitable tolling, as he failed to comply with Rule 73.1, Texas Rules of Appellate Procedure, which requires as follows:

> (a) Prescribed Form. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
>
> (b) Availability of Form. The clerk of the convicting court will make the forms available to applicants on request, without charge.
>
> (c) Contents. The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

The bare fact that petitioner's application was dismissed as non-compliant imparts no basis for equitable tolling.

Nor is this a case in which petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He waited six months after his conviction became final before filing the first, non-complying state habeas application. After receiving notice of the dismissal on procedural grounds, petitioner waited another two and one-half months before filing his second state habeas application. Petitioner provides no explanation for his dilatory conduct. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk shall provide copies to the parties.
SIGNED at Houston, Texas, this 9th day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

7